HESS CONSTRUCTION COMPANY, L.L.C., Plaintiff–Appellee

v.

CHAPEL HILL AGGREGATES, L.L.C., Defendant–Appellant.

No. 11–30244
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 10, 2012.

Joseph R. Ward, Jr., Esq., Ward & Condrey, Covington, LA, for Plaintiff–Appellee.

Anthony John Staines, Esq., Corey Patrick Parenton, Esq., Staines & Eppling, A P.L.C., Metairie, LA, for Defendant–Appellant.

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellee Hess Construction, LLC, sued Defendant–Appellant Chapel Hill Aggregates, LLC, for breach of contract. Chapel Hill appeals the district court's judgment giving effect to a jury verdict awarding Hess $1,465,194. Chapel Hill contends that the district court erred by denying its motion for a new trial on the ground that the amount of damages was against the weight of the evidence. We AFFIRM.

A motion for a new trial on damages may be overturned only on a clear showing of excess or that the jury was influenced by passion or prejudice. *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir.1995). We review a district court's denial of a motion for a new trial for abuse of discretion. *Foradori v. Harris,* 523 F.3d 477, 503–04 (5th Cir.2008).

Chapel Hill contracted Hess to screen and wash sand and gravel produced at Chapel Hill's mines, at a price of $1.50 for each ton of finished gravel Hess produced from Chapel Hill's raw material. The initial, obligatory term of the contract was "three years based on performance of a minimum of 18,000 tons per 24 hour period six days per week." At trial, Hess argued that the contract obliged Chapel Hill to provide enough raw material to yield 18,000 tons of finished gravel per day, six days a week, throughout the three-year term. Chapel Hill was unable to furnish sufficient raw material to meet that requirement. After five months, Hess attempted to mitigate by leasing the equipment it had purchased in reliance on the contract to another entity, Premier Aggregates, LLC. But Premier shortly went bankrupt, and Hess has been unable to recover for Premier's breach of the lease

agreement. Without an alternative use for the equipment, Hess could not make payments on it, and it was repossessed.

The jury could have reasonably awarded rather more than the $1,465,194 it settled on. Hess's expert, Phillip Garret, testified that Hess had suffered $2,607,768.34 in lost profit, not including $1,449,933.62 that Hess still owes on the equipment. Chapel Hill's expert offered radically different figures, but the record does not show that a reasonable jury could not have believed Garret. Nor does the record support Chapel Hill's argument that it should not be held liable for the damages Hess would not have suffered if Premier had performed its contract.

The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.